UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
ALLEN DUPREE GARRETT,         :
                              :
         Plaintiff,           :   Civ. No. 22-5664 (NLH) (MJS)
                              :
    v.                        :        OPINION
                              :
                              :
GOV. PHILIP D. MURPHY, et al. :
                              :
         Defendants.          :
_____:
```

APPEARANCE:

Allen Dupree Garrett
881340B
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876-1262

    *Plaintiff Pro se*

HILLMAN, District Judge

    Plaintiff Allen Dupree Garrett, an inmate presently

detained in the Somerset County Jail, seeks to bring this civil

action in forma pauperis, without prepayment of fees or

security.  ECF No. 1-2.  He also requests the appointment of pro

bono counsel.  ECF No. 2.

    The Prison Litigation Reform Act ("PLRA") amended § 1915

and established certain financial requirements for prisoners who

are attempting to bring a civil action in forma pauperis.[1]  The

_____

[1] "'Prisoner' means any person incarcerated or detained in any
facility who is accused of, convicted of, sentenced for, or
adjudicated delinquent for, violations of criminal law or the

PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . . ." Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

Plaintiff has had at least three qualifying dismissals: Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim). See also Garrett v. Murphy, 17 F.4th 419 (3d Cir. 2021). Therefore, he may not proceed in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury. ECF No. 4.

Plaintiff's complaint alleges he contracted COVID-19 in the Camden County Correctional Facility on January 29, 2020 and was not released from custody under New Jersey's Public Health Emergency Credits. ECF No. 1 at 4. In response to the Court's

terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

order, he submitted a response quoting the Third Circuit's

September 22, 2021 precedential opinion from a prior complaint.

ECF No. 5 at 1.  The cited portion reproduces the Third

Circuit's conclusion that Plaintiff had not shown imminent

danger at the time he filed his appeal:

> Garrett argues that COVID-19 is rampant in New Jersey
> jails, that New Jersey is not following proper
> guidelines, and that he faces a serious risk of death or
> injury if he gets sick with COVID-19 given his poor
> health.  But Garrett has since filed medical records
> showing that he had COVID-19 in December of 2020.
> Garrett's risk of getting sick with COVID-19 is
> therefore no longer "imminent" — it has already
> occurred.  Protected by natural immunity, Garrett has
> not shown that continued exposure to COVID-19 still puts
> him at imminent risk of serious physical injury.  We
> also take judicial notice that, to the extent Garrett
> believes that he remains at serious risk of physical
> injury or death, effective COVID-19 vaccines are widely
> available, and Garrett has not shown he lacks proper
> access to the vaccine.
>
> Garrett has not met his burden of showing imminent threat
> of serious physical injury.

Id. at 1 (quoting Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir.

2021)).  Plaintiff proceeds to argue that "[t]he right to

medical aid also includes the right of refusal.  A competent

person has a constitutionally protected liberty interest to

refuse unwanted medical treatment . . . ."  Id. at 2.

"[A] prisoner may invoke the 'imminent danger' exception

only to seek relief from a danger which is 'imminent' at the

time the complaint is filed."  Abdul-Akbar v. McKelvie, 239 F.3d

307, 312 (3d Cir. 2001).  "The statute contemplates that the

'imminent danger' will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"  Id. at 313.  Moreover, "[t]o fulfill the 'imminent danger' requirements, [plaintiff] must demonstrate an adequate nexus between the claims" in the complaint "and the 'imminent danger [he] alleges.'"  Ball v. Hummel, 577 F. App'x 96, 98 (3d Cir. 2014) (per curiam) (quoting Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009)).

According to the complaint, Plaintiff contracted COVID-19 more than two years before he filed this complaint on September 12, 2022.  As the Third Circuit noted, "Garrett's risk of getting sick with COVID-19 is therefore no longer 'imminent' — it has already occurred."  His argument that he is in imminent danger because he refuses to be vaccinated for COVID-19 is not persuasive.  Therefore, the Court must deny him in forma pauperis status.  28 U.S.C. § 1915(g).

The Clerk shall be ordered to administratively terminate the case without filing the complaint.  Plaintiff must pay the $402 filing and administrative fees before the complaint may be filed.  The Court will deny the motion for counsel without prejudice.  Plaintiff may request counsel again once he has paid the fees.

Plaintiff also requested to consolidate this action with Civil Action No. 22-5840 that is presently pending in the Newark Vicinage.  ECF No. 6.  The Court will deny this request without prejudice, and Plaintiff may file a new motion for consolidation after paying the fees.

Finally, Plaintiff submitted additional documents on October 24, 2022 wherein he makes allegations against the New Jersey State Parole Board.  ECF No. 8.  Plaintiff's claims against the Parole Board are not part of this complaint about the conditions at the Camden County Correctional Facility.  If Plaintiff wishes to proceed with his claims against the Parole Board it must be filed as a new civil rights complaint and accompanied by either the filing fee or a new in forma pauperis application.[2]  The Court will direct the Clerk to send Plaintiff blank forms for his use.

An appropriate Order follows.

Dated:  October 31, 2022           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[2] Any new in forma pauperis application would be subject to a separate imminent danger analysis.