```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
ALLEN DUPREE GARRETT,         :
                              :
          Plaintiff,          :   Civ. No. 22-5664 (NLH) (MJS)
                              :
     v.                       :   OPINION
                              :
                              :
GOV. PHILIP D. MURPHY, et al. :
                              :
          Defendants.         :
_____:
```

APPEARANCE:

Allen Dupree Garrett
881340B
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327

    *Plaintiff Pro se*

HILLMAN, District Judge

    The Court administratively terminated Plaintiff Allen Dupree Garrett's complaint under 28 U.S.C. § 1915(g) because he had acquired at least three "strikes" under the Prison Litigation Reform Act of 1995 ("PLRA"). ECF No. 10. Afterwards, Plaintiff submitted a new <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") application. ECF No. 12. He also submitted letters disputing the Court's decision. ECF Nos. 13 & 14. The Court treats these as motions for reconsideration.

    For the reasons below, the motions for reconsideration will be denied. The IFP application will also be denied.

I.   BACKGROUND

On September 12, 2022, Plaintiff submitted this complaint under 42 U.S.C. § 1983 alleging that he contracted COVID-19 in the Camden County Correctional Facility on January 29, 2020 and was not released from custody under New Jersey's Public Health Emergency Credits.  ECF No. 1 at 4.  He requested to proceed IFP.  ECF No. 1-2.

Because Plaintiff had three strikes under the PLRA,[1] the Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury.  ECF No. 4.  Plaintiff responded that he was in imminent danger due to his COVID-19 diagnosis and "[t]he right to medical aid also includes the right of refusal.  A competent person has a constitutionally protected liberty interest to refuse unwanted medical treatment . . . ."  ECF No. 5 at 2.  The Court concluded that Petitioner had not shown imminent danger of serious physical injury because he filed his complaint more than two years after his January 2020 COVID-19 diagnosis.  ECF No. 9 at 3-4.  Therefore, it denied Plaintiff's IFP application and administratively

---

[1] Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).

terminated the complaint pending receipt of the filing and administrative fees. ECF No. 10.

Plaintiff submitted a new IFP application on November 16, 2022. ECF No. 12. He later submitted a letter stating: "Clearly we Both know I am not eligible for IFP. The Document #12 is an application to 'waive PrePay filing fee,' not Informa Pauperis. No Assets, No Income, Imminent Danger over Incarceration (Peonage). 28 USC 1915B-4. Please Review I know I have 3 strikes (Clearly)." ECF No. 13. On December 12, 2022, he submitted another letter wherein he asserted that "In no event shall a prisoner be 'prohibited' from bringing a Civil Action or appealing a Civil or Criminal Judgment for the reason that the prisoner has 'no assets' and no means by which to pay the initial partial filing fee." ECF No. 14 (emphasis in original). He further disputes the Court's assessment of the "strikes" he has accumulated. Id. at 2.

II. STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the

3

availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. DISCUSSION

First, the Court notes that Plaintiff's motions for reconsideration are untimely.  Local Civil Rule 7.1(i) requires motions for reconsideration to be filed within 14 days "after the entry of the order or judgment on the original motion by the Judge."  The Court denied Plaintiff's IFP on October 31, 2022.  ECF No. 10.  Plaintiff did not mail his first letter until November 22, 2022.  ECF No. 13.  The second letter was mailed December 8, 2022.  ECF No. 14.  The motions' untimeliness is sufficient reason to deny them.

However, the motions are also meritless.  "[ ] Congress enacted the PLRA in order to limit the filing of frivolous and vexatious prisoner lawsuits.  To accomplish this, Congress curtailed the ability of prisoners to take advantage of the privilege of filing I.F.P." Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001).  "The 'three strikes' rule added by the PLRA supplied a powerful economic incentive not to file frivolous lawsuits or appeals.  In stark terms, it declared that

4

the I.F.P. privilege will not be available to prisoners who have, on three occasions, abused the system by filing frivolous or malicious lawsuits or appeals . . . ." Id.  Contrary to Plaintiff's assertions, "§ 1915(g) does not block a prisoner's access to the federal courts.  It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." Id.  Plaintiff, as this Court and the Third Circuit have repeatedly reminded him, has lost this privilege because of his numerous qualifying dismissals.  Plaintiff's disagreement with the Court's decision "should be raised through the appellate process and is inappropriate on a motion for reargument." United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Plaintiff engages in semantics to argue that he is not applying to proceed IFP, he is applying to "'waive PrePay filing fee.'" ECF No. 13.  There is no substantive difference, and Plaintiff's new IFP application fails for the same reason his first one did.  "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Abdul-Akbar, 239 F.3d at 313.

5

The Court will deny Plaintiff's motions for reconsideration.  Plaintiff's new IFP application is denied under the PLRA three strikes rule.  The Clerk will be instructed to administratively terminate the complaint, and the Court will take no further action in this matter until the $350 filing fee and $52 administrative fee are paid.  If the Plaintiff pays the filing fees, the Clerk will be directed to reopen the matter.

IV.  CONCLUSION

For the reasons stated above, the motions for reconsideration and IFP application will be denied.

An appropriate order follows.

Dated: January 10, 2023          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.